**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10454 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00368-CRB-1 |
| v. | |
| ABHIJIT PRASAD, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted February 9, 2021
San Francisco, California

Before:  BERZON, CHRISTEN, and BADE, Circuit Judges.

Defendant-Appellant Abhijit Prasad appeals his convictions on twenty-one counts of visa fraud, in violation of 18 U.S.C. § 1546(a), and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  Prasad asserts evidentiary errors and challenges the sufficiency of the evidence.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Prasad operated Maremarks, a company through which he filed petitions with United States Citizenship and Immigration Services (USCIS) to obtain H-1B nonimmigrant status for foreign workers, known as H-1B beneficiaries, to supply these beneficiaries as workers for his end-clients. The government alleged that Prasad falsely represented in the H-1B petitions that there were specific work positions for the prospective H-1B beneficiaries at Maremarks' end-clients, including Cisco Systems, when those work positions did not exist. The government asserted that Prasad's commission of some counts of visa fraud included fabricating a work position at Cisco and then forging a Cisco employee's signature on a statement of work, which purportedly evinced that there was a bona fide position at Cisco for the H-1B beneficiary even though no position existed. *See* Donald Neufeld, U.S. Citizenship & Immigr. Servs., HQ 70/6.2.8 (AD 10-24), *Determining Employer-Employee Relationship for Adjudication of H-1B Petitions, Including Third-Party Site Placements* (2010).[1]

1. Prasad argues that the district court violated Federal Rule of Evidence 404(b) by admitting evidence of two statements of work, Exhibits 20 and 919, that were related to dismissed visa fraud charges. "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that

---

[1] This guidance was effective during the period that Prasad filed the petitions at issue in this case. *See* U.S. Citizenship & Immigr. Servs., U.S. Dep't of Homeland Sec., PM-602-0114, *Rescission of Policy Memoranda* 1 (2020).

on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "'Other act' evidence that is 'inextricably intertwined' with a charged offense is independently admissible and is exempt from the requirements of Rule 404(b)." *United States v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013). This court reviews de novo whether evidence falls under Rule 404(b)'s prohibition. *See United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012).

The district court did not err in admitting Exhibits 20 and 919 because they were relevant to the charges presented at trial. The government offered Exhibits 20 and 919 to prove that there was a fraudulent signature on a statement of work, which the government offered as Exhibit 1006, that formed the basis for five counts of visa fraud. The government asserted that Exhibits 20, 919, and 1006 all included the same, identical signature of a Cisco employee, Jennifer Teves. And the government elicited testimony that Prasad knew his associate photoshopped Teves's authentic signature from the statement of work in Exhibit 919 onto the statement of work in Exhibit 20. Thus, Exhibits 20 and 919 were relevant to whether the purportedly identical signature on Exhibit 1006 was fraudulent and whether Prasad knew it was fraudulent, two of the elements of visa fraud under § 1546(a). Thus, because Exhibits 20 and 919 bore directly on the elements of the

charged offenses, Rule 404(b)'s prohibition on character evidence did not apply.[2]

*Dorsey*, 677 F.3d at 952; *Anderson*, 741 F.3d at 949.

2.      Prasad also asserts that Exhibits 20 and 919 are inadmissible under Federal Rule of Evidence 608(b).  But the government did not offer Exhibits 20 and 919 "to prove specific instances of a witness's conduct in order to attack or support [Prasad's] character for truthfulness."  Fed. R. Evid. 608(b); Fed. R. Evid. 608 Committee Notes on Rules—2003 Amendment (stating Rule 608(b) only applies "when the sole reason for proffering that evidence is to attack or support the witness' character for truthfulness").  Rather, Exhibits 20 and 919 were relevant to whether Prasad committed visa fraud, and thus, Rule 608(b) is inapplicable.  *See* Fed. R. Evid. 608(b); *United States v. Abel*, 469 U.S. 45, 56 (1984).

3.      Finally, Prasad challenges his conviction for two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), for using Cisco employee Naveen Gattu's name next to a QR code on two fraudulent statements of work. Prasad argues that there was insufficient evidence to show that he used Gattu's name "without lawful authority" because the evidence demonstrated that he

---

[2] The district court's in limine ruling—essentially stating that it would abide by Rule 404(b)'s restrictions—is therefore irrelevant to our analysis.

4

believed that he had permission to use Gattu's name.[3]  *See* 18 U.S.C. § 1028A(a)(1).

However, whether Prasad had permission to use Gattu's name is irrelevant because Prasad "use[d] the identification unlawfully." *United States v. Gagarin*, 950 F.3d 596, 604 (9th Cir. 2020) (internal quotation marks omitted).  The jury convicted Prasad on counts 30 and 31, which charged that Prasad committed visa fraud under § 1546(a) by filing fraudulent statements of work.  Prasad affixed Gattu's name on these statements of work and, thus, used Gattu's means of identification "during and in relation to" his commission of visa fraud.  *See Gagarin*, 950 F.3d at 604.  He therefore used Gattu's name unlawfully.  *See id.* Accordingly, the evidence sufficiently supports Prasad's convictions under § 1028A(a)(1).

**AFFIRMED.**

---

[3] Prasad asserts, in passing, that this court "has never held that a false QR code, without further data attached to it, constitutes a name within the meaning of section 1028A."  But the inclusion of the QR code next to Gattu's name is immaterial because "a means of identification" is defined as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual."  18 U.S.C. § 1028(d)(7); *see also United States v. Alexander*, 725 F.3d 1117, 1120 (9th Cir. 2013) ("Subsection (A) reiterates that any 'name' meets the definition." (quoting 18 U.S.C. § 1028(d)(7)(A))).  Gattu's name can be used to identify Gattu and, thus, it is clearly "a means of identification" under § 1028(d)(7).